# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:04CR117-10

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **DARRELL ROBERT GREENE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ——————————————————— | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on June 21, 2005 by the United States Probation Office. In the violation report the United States Probation Office has alleged that the defendant has violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Garland F. Byers, Jr., and that the Government was present through Assistant United States Attorney, Jill Westmorland Rose, and from the evidence offered and from the statements and arguments of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report filed on June 21, 2005. The Government introduced, without objection, the violation report into evidence. Testimony was then presented by the Government through Angela Pickett, United States Probation Officer.

The defendant was charged, in a Bill of Indictment filed December 6, 2004, with one (1) count of conspiracy to manufacture and possess with intent to distribute methamphetamine. A

hearing was held in regard to detention of the defendant on December 21, 2004. On that date, the undersigned entered an order releasing the defendant on a $5,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(p) That the defendant refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is required as a condition of release.

On February 25, 2005, the defendant submitted to an urinalysis drug test at which time the defendant tested positive for use of amphetamine/methamphetamine. On June 13, 2005 the defendant was requested to report to the United States Probation Office, at which time, the defendant was requested to submit to a drug test. During the process of attempting to obtain a urine sample, United States Probation Officer Robert Ferguson discovered that the defendant had a devise containing urine on his person which he was going to substitute for his own urine in an attempt to obstruct and tamper with the efficiency and accuracy of the prohibited substance testing equipment. At that time, the defendant admitted that he had used methamphetamine on or about June 12, 2005.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
(A) probable cause to believe that the person has committed a

Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any
other condition of release; and
(2)    finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person will
not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition
or combination of conditions will assure that the person will not pose a danger to
the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a federal and state crime while on release. The defendant possessed and used methamphetamine on February 25, 2005 and on June 12, 2005. That possession violated both federal and state law. The consumption of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The consumption of methamphetamine is a felony under state law, N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant has violated the term and condition that states that the defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by

possessing and using methamphetamine which is a drug which is not prescribed by licensed medical practitioner.

The defendant has further violated the terms and conditions of release that require that he refrain from obstructing or attempt to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing. The defendant, on June 13, 2005, attempted to use a devise to substitute urine, other than his own, in an attempt to obstruct or tamper with the efficiency and accuracy of the prohibited substance testing.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

IT IS THEREFORE **ORDERED** that the unsecured bond and the terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is Ordered that the defendant be detained pending sentencing and further proceedings in this matter.

**Signed: July 5, 2005**

Dennis L. Howell
United States Magistrate Judge