IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV376
(1:04CR117)

DARRELL ROBERT GREENE,                )
                                      )
              Petitioner,          )
                                      )
       Vs.                            )          O R D E R
                                      )
UNITED STATES OF AMERICA,             )
                                      )
              Respondent.             )
_____    )

       **THIS MATTER** is before the Court on Respondent's motion for partial

summary judgment and upon referral from the District Court.

       In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

1975), Petitioner, who is proceeding *pro se*, is cautioned that he carries a

heavy burden in responding to the Respondent's motion for partial

summary judgment.  Rule 56(e) of the Federal Rules of Civil Procedure

provides:

       When a motion for summary judgment is made and supported
       as provided in this rule, an adverse party may not rest upon the
       mere allegations or denials of the adverse party's pleading, but
       the adverse party's response, by affidavits or as otherwise
       provided in this rule, must set forth specific facts showing that
       there is a genuine issue for trial.  If the adverse party does not

2

so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if the Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to the Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; in other words, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented by the Petitioner to this Court within thirty (30) days from the date of this Order. As stated by Rule 56(e), Petitioner's failure to respond may result in the action being summarily dismissed.

**IT IS, THEREFORE, ORDERED** that the Petitioner is allowed thirty (30) days from the date this Order is filed within which to respond, in accordance with the provisions of Fed. R. Civ. P. 56(e), to Respondent's motion for partial summary judgment.

3

Signed: July 26, 2007

Dennis L. Howell
United States Magistrate Judge