**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:06CV376-1-T
(1:04CR117-T)**

| | |
|---|---|
| **DARRELL ROBERT GREENE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and

Respondent's motion for partial summary judgment.

On December 6, 2004, Petitioner and 11 co-Defendants were

charged in a single count indictment with conspiracy to manufacture and

possess with intent to distribute more than 50 grams of methamphetamine

in violation of 21 U.S.C. §§ 841 and 846.  **Bill of Indictment, filed**

**December 6, 2004.**  On February 18, 2005, the Petitioner entered into a

plea agreement with the Government in which he agreed to plea guilty to

the charge contained in the indictment.  **Plea Agreement, filed February**

**18, 2005.** In exchange for his plea, the Government agreed to stipulate that the amount of methamphetamine that was known to or reasonably foreseeable by the Petitioner was at least 35 grams, but less than 50 grams. *Id.* **at 2.** In addition, the Petitioner agreed to waive all rights to appeal his conviction and sentence or to collaterally attack the same except on the grounds of prosecutorial misconduct or ineffective assistance of counsel. *Id.* **at 3.** On February 25, 2005, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty plea. **Rule 11 Inquiry and Order of Acceptance of Plea, filed February 25, 2005.** In compliance with the plea agreement, the Government filed a motion for downward departure to reflect the Petitioner's substantial assistance. **Motion for a Downward Departure, filed January 3, 2006.** The Government recommended the Court grant a downward departure from a Guideline range of 168 to 210 months to a range of 121 to 151 months. *Id.* **at 3.** The Court granted the motion and sentenced Petitioner to 121 months imprisonment. **Judgment in a Criminal Case, filed January 26, 2006**.

On May 1, 2006, the Court received a letter from Petitioner seeking information regarding the appeal of his case. Petitioner advised he had

tried unsuccessfully to contact his attorney on the matter of his appeal. As no appeal had been filed, this Court construed Petitioner's letter as a notice of appeal. Thereafter, the Fourth Circuit Court of Appeals appointed counsel for the Petitioner and requested the parties address the timeliness of the appeal. In response, the Government filed a motion to dismiss the appeal as untimely; on September 7, 2006, the Fourth Circuit granted the motion and dismissed Petitioner's appeal.

On November 27, 2006, Petitioner filed his § 2255 motion claiming, *inter alia*, that he specifically asked his counsel to file a direct appeal but counsel failed to do so. The record is clear that no notice of appeal was filed by Petitioner's trial counsel. His trial counsel has submitted an affidavit stating that after the sentencing hearing, Petitioner advised him that he did not wish to appeal his sentence, and at no time thereafter did the Petitioner  authorize, request, or instruct him to appeal his case. **Exhibit 10, Affidavit of Garland Franklin Byers, Jr., *attached to Government's Answer to Petitioner's Motion, filed July 11, 2007, ¶¶ 5, 6.** Counsel further avers that at no time did he receive any telephone calls or letters from the Petitioner requesting his assistance in filing a notice of

appeal.  *Id.* **§ 7.**   A factual dispute thus exists over whether or not Petitioner requested his counsel to file a direct appeal.

An attorney's failure to file a notice of appeal when specifically requested by his client to do so, is *per se* ineffective assistance of counsel. Prejudice to the defendant is presumed irrespective of the merits of the appeal or a waiver of appellate rights.  ***See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993).**  The prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken.  ***Id*. at 42.**

Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, reimpose the same sentence, and file notice of appeal on the Petitioner's behalf.  The remainder of Petitioner's claims will be dismissed without prejudice.  ***See United States v. Killian*, 2001 WL 1635590 (4th Cir. 2001).**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **ALLOWED IN PART** as reflected by the Judgment filed herewith.

Signed: November 27, 2007

Lacy H. Thornburg
United States District Judge